# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Michael J. Cook and Richard C. Dentinger, as Trustees of the Minnesota and North Dakota Bricklayers and Allied Craftworkers Pension Fund; Michael J. Cook and Paul R. Weise, as Trustees of the Minnesota and North Dakota Bricklayers and Allied Craftworkers Health Fund; Jay A. Lommel and Michael J. Cook, as Trustees of the Minnesota and North Dakota Bricklayers and Allied Craftworkers Vacation Fund; and Timothy J. Miller and Michael J. Cook, as Trustees of the Minnesota and North Dakota Bricklayers and Allied Craftworkers Journeyman and Apprentice Training Trust Fund, | Civil File No. 12-CV-2161 (MJD/JJG) |
| Plaintiffs, | **FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER** |
| vs. | |
| Shotley Construction, Inc., a Minnesota corporation, and Eric M. Spangrud, | |
| Defendants. | |

Andrew E. Staab, Esq., Felhaber, Larson, Fenlon & Vogt, P.A., appeared as counsel for Plaintiffs. No one appeared for Defendants.

The above-entitled matter came before the Court on Plaintiffs' Motion to Compel Fringe Benefit Audit, Posting of a Surety Bond, and for Entry of Default Judgment (ECF Document No. 7). The Court, having reviewed the Complaint, the Clerk of Court's Entry

342426.2

of Default, the Affidavit of Andrew E. Staab, the Affidavit of Michael J. Cook, Plaintiffs' Memorandum of Law, and upon all files, records and proceedings herein, makes the following:

**FINDINGS OF FACT**

1. Federal Court jurisdiction of this action is based on 29 U.S.C. §1132, which is part of the Employee Retirement Income Security Act of 1974 ("ERISA"), and 28 U.S.C. §1331.

2. Plaintiffs are Trustees of the Minnesota and North Dakota Bricklayers and Allied Craftworkers Pension Fund, Health Fund, Vacation Fund, and Journeyman and Apprentice Training Trust Fund ("the Trust Funds"), and are fiduciaries of multiemployer plans as defined at 29 U.S.C. § 1002(37)(A).

3. The Trust Funds are established by Agreements and Declarations of Trusts, pursuant to the provisions of the Labor Management Relations Act of 1947 (the Taft-Hartley Act). As required by the Taft-Hartley Act, the Trust Funds are governed by a board of trustees with equal representation from labor and management. The Trust Funds are established to provide pension, health, and other benefits to employees doing work in the trades under the jurisdiction of the International Union of Bricklayers and Allied Craftworkers, Local 1 Minnesota/North Dakota ("Local 1"), for employers who are signatories to a Collective Bargaining Agreement or Participation Agreement, and also to the eligible dependents of those employees.

4. Defendant Shotley Construction, Inc. ("Shotley") is a Minnesota corporation and employer of certain employees doing work in the trades under the

jurisdiction of Local 1. Shotley is signatory to the Minnesota Statewide Independent Agreement (the "Independent Agreement"), which it executed on February 24, 2012 and which binds it to the Collective Bargaining Agreement between the Associated General Contractors of Minnesota, the Minnesota Concrete and Masonry Contractors Association, the International Union of Bricklayers and Allied Craftworkers, Local 1 Minnesota/North Dakota, and Independent Employers (the "CBA").

5. Defendant Eric M. Spangrud ("Spangrud") is an officer and stockholder of the employer, Shotley. Spangrud is personally and individually bound to the Independent Agreement and the CBA pursuant to the terms and conditions of the Independent Agreement, which provides in part that it is binding personally and individually upon each of the individuals, partners, officers or stockholders of the employer.

6. The CBA is for the period of May 1, 2010 through April 30, 2013. Absent written notice of termination given at least 60 days before the expiration date, the CBA renewed automatically for a further period of 12 months. Neither party to the CBA gave written notice of termination at least 60 days before the expiration date, Shotley has not abrogated the CBA pursuant to the terms thereof and the provisions of 29 USC §158(d), and the CBA renewed and remains in full force and effect through April 30, 2014.

7. Pursuant to the Independent Agreement and the CBA, Shotley is required on a monthly basis to submit to Plaintiffs' Third-Party Administrator ("TPA") fringe benefit contribution Report Forms, and to pay on a monthly basis fringe benefit contributions for each hour worked by all employees covered by the CBA. The Report

Forms and contributions are due on or before the 15th day of the month following the month in which the work was performed.

8. Pursuant to 29 U.S.C. §1145, 29 U.S.C. §1132(g)(2), and Article 22 of the CBA, if Shotley fails to timely submit the Report Forms and pay the contributions, then it is required to pay liquidated damages of ten percent (10%) of the contributions.

9. Shotley did not submit Report Forms or pay the contributions for work performed in April 2012. Plaintiffs through counsel made written demand on Shotley by letters dated June 12, 2012 and June 26, 2012 to submit Report Forms and pay the contributions, but it did not comply with the demands.

10. Shotley did not timely submit Report Forms or pay the contributions for work performed in May 2012. On July 23, 2012, Shotley submitted Report Forms and payment for the May 2012 work, but the payment did not include liquidated damages, and accordingly, Plaintiffs returned the payment.

11. Shotley did not timely submit Report Forms or pay the contributions for work performed in June 2012. On August 2, 2012, Shotley submitted Report Forms and payment for the June 2012 work, but the payment did not include liquidated damages, and accordingly, Plaintiffs returned the payment.

12. Shotley did not submit Report Forms or pay the contributions for work performed in July 2012, or in any month thereafter.

13. Pursuant to the Independent Agreement and Article 22(7)(f) of the CBA, Shotley must promptly furnish to Plaintiffs or their authorized agents on demand all necessary employment and payroll records relating to its employees covered by the CBA,

including any other relevant information that may be required in connection with the administration of the Trust Funds. Article 22 also authorizes the Plaintiffs or their authorized agents to examine all employer records whenever such examination is deemed necessary in connection with the proper administration of the Funds. Article 22 further provides that if Shotley fails or refuses to furnish its payroll records to Plaintiffs or their authorized agents upon demand, or refuses to afford the Plaintiffs or their authorized agents reasonable opportunity to examine the records in accordance with standard auditing procedures, the Plaintiffs may enforce such rights by legal action.

14. Plaintiffs through counsel made written demand on Shotley by letter dated June 26, 2012 to furnish employment and payroll records necessary to conduct a fringe benefit audit, but it did not comply with the demand.

15. Pursuant to the Independent Agreement and Article 22 of the CBA, an employer delinquent in any obligation to the Funds for more than 30 days is required to post with the TPA a surety bond in form satisfactory to the Plaintiffs in an amount of $50,000 if the employer has 5 or less collectively bargained employees, or in the amount of $100,000 if the employer has 6 or more collectively bargained employees. Shotley is delinquent in its obligations to the Funds for more than 30 days, has 5 or less collectively bargained employees, and has not posted the required $50,000 surety bond.

16. By virtue of not timely submitting Report Forms, not timely paying contributions, not furnishing records necessary to conduct a fringe benefit audit, and not posting the required surety bond, Shotley and Spangrud have defaulted under their

obligations to the Plaintiffs, violated the terms and conditions of the CBA, and breached the CBA.

17. Plaintiffs commenced this action on September 4, 2012 to enforce the Defendants' fringe benefit obligations. The Defendants were served with the Summons and Complaint on September 6, 2012.

18. Defendants failed to plead or otherwise defend in this action, and pursuant to Plaintiffs' Application for Clerk's Entry of Default, the Clerk of Court entered the default of the Defendants on October 2, 2012 in accordance with Rule 55(a) of the Federal Rules of Civil Procedure.

19. Pursuant to 29 U.S.C. §1132(g)(2) and the CBA, Defendants are required to pay and the Court shall award to Plaintiffs:

A. The unpaid contributions;

B. Interest on the unpaid contributions at the rate provided under the Plan, or if none, the rate prescribed under 26 U.S.C. §6621;

C. Liquidated damages of ten percent (10%) of the unpaid contributions;

D. Reasonable attorney fees and costs of the action; and,

E. Such other legal or equitable relief as the Court deems appropriate.

20. In addition to the foregoing relief, Plaintiffs are entitled pursuant to 29 U.S.C. §1132(a)(3) to seek relief enjoining any act or practice which violates any provision of subchapter I of ERISA, and to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of said subchapter or the terms of the Plan.

21. Pursuant to 29 U.S.C. §1145, every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

22. Plaintiffs sought in their Complaint both equitable relief and entry of a money judgment, including seeking the following:

    A. Compelling a fringe benefit audit;

    B. Compelling the posting of surety bond in the amount of $50,000; and,

    C. Granting a money Judgment against the Defendants, jointly and severally, for unpaid contributions due or coming due during the pendency of this action, together with liquidated damages, interest, and reasonable attorney fees and costs.

23. Plaintiffs now seek Judgment by default for the foregoing relief. Defendants are in default, and Plaintiffs are entitled to the relief requested.

## CONCLUSIONS OF LAW

1. Defendants are in default, and Plaintiffs are entitled to the entry of default judgment against Defendants under Rule 55(b)(2) of the Fed. R. Civ. P.

2. Defendants are obligated to furnish the TPA all employment and payroll records necessary to conduct a fringe benefit audit.

3. Defendants are obligated to post with the TPA a surety bond in the amount of $50,000.00.

4. Defendants are liable for all contributions owing through the date of the fringe benefit audit, plus liquidated damages of ten percent (10%) of the unpaid contributions, and interest on the unpaid contributions, together with reasonable attorney fees and costs of this action.

## ORDER

Based upon the foregoing Findings of Fact and Conclusions of Law,

**IT IS HEREBY ORDERED:**

1. That Plaintiffs' Motion to Compel Fringe Benefit Audit, Posting of Surety Bond, and for Entry of Default Judgment (ECF Document No. 7) is granted.

2. That within 14 days of the date of this Order, Shotley Construction, Inc. and Eric M. Spangrud, the Defendants herein, jointly and severally, are ordered and directed to furnish to Zenith American Solutions, the Plaintiffs' third party administrator, all employment and payroll records and other relevant information necessary for a fringe benefit audit.

3. That Defendants, jointly and severally, are ordered and directed to cooperate fully with the fringe benefit audit ordered herein.

4. That within 14 days of the date of this Order, the Defendants, jointly and severally, shall post with Zenith American Solutions a surety bond in the face amount of $50,000.00.

5. That Judgment is granted in favor of the Plaintiffs and against the

Defendants, jointly and severally, for all unpaid contributions Defendants owe Plaintiffs through the date of the audit, plus liquidated damages of ten percent (10%) of the unpaid contributions, and interest on the unpaid contributions, together with reasonable attorney fees and costs of this action. That final Judgment for a sum certain for the foregoing shall be entered without further hearing as provided herein.

6. That upon completion of the fringe benefit audit as ordered herein, Plaintiffs shall forthwith serve and file an Affidavit of the fringe benefit auditor setting forth the amount of the unpaid contributions Defendants owe Plaintiffs through the date of the audit, liquidated damages owing, and interest on the unpaid contributions, and an Affidavit of Plaintiffs' counsel setting forth the amount of the reasonable attorney fees and costs of this action. Defendants shall be allowed ten days after service and filing of the Affidavits to serve and file any objections to the amounts stated in the Affidavits. Upon the expiration of the ten day period, the Court will order Judgment against the Defendants, jointly and severally, for a sum certain as determined by the Court, without further hearing.

7. That Plaintiffs' counsel shall forthwith mail a copy of this Order to each of the Defendants at their last known address by both first class mail and certified mail, return receipt requested, which shall constitute due and proper service of this Order.

BY THE COURT:

Dated: May 31, 2013

s/ Michael J. Davis
MICHAEL J. DAVIS
Chief United States District Judge